**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **DONZEL HAWKINS,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 2:24-cv-2901-SHM** |
| **STATE OF TENNESSEE, ET AL.,** | ) | |
| **Defendants.** | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S CLAIMS**

Before the Court is the Magistrate Judge's Report and Recommendation ("the Report") considering Defendants' motions to dismiss (ECF Nos. 13, 19) and recommending that the Court grant the motions and dismiss all claims. (ECF No. 24.) Plaintiff has timely filed objections to the Report. (ECF No. 25.) Defendant City of Memphis has filed a response to Plaintiff's objections. (ECF No. 27.)

For the reasons stated below, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Magistrate Judge's recommendations. Defendants' motions to dismiss are **GRANTED.** All seven of the Individual Defendants in their individual capacities are **DISMISSED WITHOUT PREJUDICE** for failure to effect timely service of process. All of Plaintiff's federal law claims are

**DISMISSED.** Plaintiff's 42 U.S.C. § 1983 claims are barred by the statute of limitations. The Court **DECLINES** to exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. Leave to amend is **DENIED.**

## I. Background[1]

*Pro se* Plaintiff filed his original complaint on November 19, 2024. (ECF No. 1.) Plaintiff filed an amended complaint on November 25, 2024 (the "Amended Complaint"). (ECF No. 4.) In his Amended Complaint, Plaintiff sues the Memphis Police Department ("MPD") and seven of its officers[2], in their individual and official capacities, based on a November 17, 2022 traffic stop, search, and arrest.[3] (ECF No. 4.) Plaintiff alleges that, without probable cause, reasonable suspicion, or a warrant,

---

[1] For a more detailed recitation of the background and procedural history of this case, see the Proposed Findings of Fact set out in the Report, which the Court adopts

[2] The officers are Detective L. Williams, Detective M. Martin, Detective J. Hurts, Detective Jolly, Detective Sgt. Gooch, Detective Lt. Leake, and Detective Lt. Fox (the "Individual Defendants").

[3] Plaintiff's claims against the officers in their official capacities "are, in all respects other than name, to be treated as a suit against the [City]." Foster v. Michigan, 573 F. App'x. 377, 390 (6th Cir. 2014) (quoting Kentucky v. Graham, 473 U.S. 159, 165 (1985)) (quotation marks omitted). Plaintiff's Amended Complaint also names the State of Tennessee as a defendant in the caption, but does not name the State as a defendant in the "Parties" section and brings no claims against the State. (ECF Nos. 4 and 24 at 5.) To the extent the Amended Complaint might be construed to allege claims against the State, those claims are **DISMISSED** *sua sponte* because they lack any basis in law.

officers detained Plaintiff, searched his person and vehicle, entered his residence, conducted a search of his residence, seized property, arrested Plaintiff, and questioned him after the arrest. (ECF Nos. 4 at 3-4; 25 at 17.)

Plaintiff brings claims against the MPD and the Individual Defendants, individually and in their official capacities, for unlawful search and seizure and false imprisonment in violation of 42 U.S.C. § 1983 (Counts 1 and 2); "malicious harassment" in violation of Tenn. Code Ann. § 39-17- 309 (Count 3); kidnapping in violation of 18 U.S.C. § 1201 (Count 4); child endangerment in violation of Tenn Code Ann. §§ 39-15- 401 and 402 (Count 5); common law negligence (Count 6); "fraud and deception" and wire fraud in violation of 18 U.S.C. §§ 1001, 371, and 1343 (Count 7); and "violations of international law," citing the Universal Declaration of Human Rights, Article 3 ("UDHR") and the International Covenant on Civil and Political Rights, Article 9 ("ICCPR") (Count 8). (ECF Nos. 4 at 5-9 and 24 at 4-5.)

On September 29, 2025, Defendant City of Memphis (the "City") filed a motion to dismiss for failure to state a claim. (ECF No. 13.) On October 17, 2025, three of the Individual Defendants, Officers Gooch, Jolly, and Martin (the "Officer Defendants") filed a motion to dismiss for failure to state a claim, incorporating the arguments in the City's motion to dismiss. (ECF No. 19.) Defendants argue, among other things,

that Plaintiff's § 1983 claims are time-barred; that federal criminal statutes (18 U.S.C. §§ 1201, 1001, 371, and 1343) do not create a private right of action; that international covenants (UNDHR and ICCPR) do not create a private right of action; and that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims. (ECF Nos. 13, 19.) The Officer Defendants also argue that the claims against them should be dismissed for failure to perfect service within the time permitted by of Rule 4(m). (ECF No. 19.)

Plaintiff opposes the motions to dismiss, arguing that service on the officers was proper, that Plaintiff's claims are timely based on delayed accrual and tolling, and that Plaintiff states plausible causes of action under 42 U.S.C. § 1983, the U.S. Constitution, federal statutes, and Tennessee law. (ECF Nos. 18, 20, 22.)

On July 23, 2026, the Magistrate Judge issued the Report addressing the motions to dismiss. (ECF No. 24.) The Report recommends: (1) dismissing the Individual Defendants in their individual capacities for failure to effect service, (2) granting Defendants' motions to dismiss all federal law claims (Counts 1, 2, 4, and 7), (3) declining supplemental jurisdiction over the remaining state law claims (Counts 3, 5, and 6) and dismissing those claims without prejudice, (4) dismissing Plaintiff's

international law claims (Count 8), and (5) denying leave to amend the Amended Complaint. (Id. at 10-11, 15, 18-19.)

On, August 4, 2026, Plaintiff filed his timely objections. (ECF No. 25.) See Fed. R. Civ. P. 72(b)(2).

## II. Standard of Review

### A. Objections to Report and Recommendation

Within fourteen days after being served with a report and recommendation on a dispositive matter, any "party may serve and file specific written objections to [a magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects within the allotted time; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The objecting party must "pinpoint those portions of the magistrate's report that the district court must specially consider." Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). "[V]ague, general, or conclusory objections [do] not meet the requirement of specific objections and [are] tantamount to a complete failure to object." Zimmerman v. Cason, 354 Fed.Appx. 228, 230 (6th Cir. 2009).

### B. Rule 12(b)(6) Motion to Dismiss

When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Solo v. UPS Co., 819 F.3d 788, 793 (6th Cir. 2016) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678-79; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (The complaint's allegations "must be enough to raise a right to relief above the speculative level."). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal at 679; Twombly, 550 U.S. at 556. "A motion for dismissal pursuant to Rule 12(b)(6) will be granted if the claim shows on its face that relief is barred by an affirmative defense." Riverview Health Inst., LLC v. Med. Mutual of Ohio, 601 F.3d 505, 512 (6th Cir. 2010).

"Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers and therefore are liberally construed." Olivares v. Michigan Worker's Comp. Agency, No. 18-2369, 2019 WL 2299250, at *2 (6th Cir. Apr. 16,

2019) (citing Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011)).

## III. Analysis

### A. Failure to Serve the Individual Defendants

The Report recommends that the Amended Complaint be dismissed without prejudice as to the Individual Defendants in their individual capacities because Plaintiff has failed to serve them. (ECF No. 24 at 7-9.) The Report finds that, although Plaintiff mailed the required documents to the Shelby County Criminal Justice Center, neither the MPD nor any of the Individual Defendants maintained an office at that location. (Id. at 9.) The Report finds that Plaintiff has not provided evidence that he served or attempted to serve the Individual Defendants in any other way. (Id. at 9-10.)

Plaintiff objects to that conclusion. (ECF No. 25 at 2-4.) Citing no law, Plaintiff argues that he should have been given additional time to serve the Individual Defendants because he "attempted" to serve them based on his reasonable beliefs and acted "in good faith." (Id.)

Plaintiff's reasons are inadequate to justify an extension. As the Report finds, Plaintiff was given a 21-day extension to serve the Individual Defendants and notified that failure to do so would result in dismissal. (ECF No. 24 at 9.) Plaintiff's continued failure to serve the Individual Defendants is not

excused by his *pro se* status or good faith efforts. "An insufficient attempt at service of process is not somehow rendered effective simply because a plaintiff contends that she acted in good faith or with a reasonable belief that service was being properly made." Edwards v. Wilson Cnty. Gov't, No. 3:24-CV-00831, 2025 WL 3568298, at *4 (M.D. Tenn. Dec. 11, 2025), report and recommendation adopted, No. 3:24-CV-00831, 2026 WL 184200 (M.D. Tenn. Jan. 23, 2026). Although Plaintiff says that three of the Individual Defendants have appeared in this case, the Sixth Circuit has long held that actual knowledge of a lawsuit does not cure defective service. Friedman v. Est. of Presser, 929 F.2d 1151, 1155 (6th Cir. 1991).

The Court **ADOPTS** the Report's recommendation and **DISMISSES** the Amended Complaint without prejudice as to the Individual Defendants in their individual capacities.

**B. Federal Law Claims**

The Report recommends dismissing all of Plaintiff's federal law claims. The Report recommends dismissing Plaintiff's § 1983 claims (Counts 1 and 2) as time-barred. (ECF No. 24 at 12, 15.) Plaintiff objects to the Report's conclusion that his § 1983 claims are barred by the statute of limitations. (ECF No. 25 at 4.) The Court reviews that conclusion de novo.

The Report recommends dismissing Plaintiff's claims of kidnapping in violation of 18 U.S.C. § 1201 (Count 4) and "fraud

and deception" and wire fraud in violation of 18 U.S.C. §§ 1001, 371, and 1343 (Count 7) because a party cannot bring a private action based on violations of federal criminal statutes (Counts 4 and 7). (ECF No. 24 at 10.) Plaintiff does not object to the dismissal of those claims as not legally cognizable. (Id. at 6.) The Court reviews that conclusion for clear error only and finds no clear error. Plaintiff's claims brought under federal criminal statutes are **DISMISSED.**

**C. § 1983 Claims**

The Report recommends dismissing Plaintiff's § 1983 claims as time-barred because Plaintiff's original complaint was not timely filed and equitable tolling does not apply. (ECF No. 24 at 15.)

Plaintiff contends that the Magistrate Judge erred in concluding that his § 1983 claims are time-barred. (ECF No. 25 at 4.) Plaintiff contends that the Report incorrectly concludes that the statute of limitations on his claims began to run in November 2022, "and therefore that the limitations period expired before this action was filed," and that equitable tolling does not apply to his claims. (Id. at 4-5.)

**1. Plaintiff's Claims Were Not Timely Filed**

The Report concludes that Plaintiff failed to timely file his complaint. (ECF No. 24 at 12.) The Report finds that Plaintiff "knew, or at the very least should have known, about

the facts that gave rise to his 1983 claim[s] when they occurred in November 2022." (Id. at 14); see Watkins v. Columbus City Schs., No. 20-3357, 2020 WL 9073357, at *2 (6th Cir. Nov. 10, 2020). The Report also concludes that the one-year limitations period established by Tenn. Code Ann. § 28-3-104(a)(1)(B) applies to Plaintiff's claims. (Id. at 11); see Browning v. Pendleton, 869 F.2d 989, 992 (6th Cir. 1989). Because Plaintiff did not file his original complaint until November 2024, the Report concludes that Plaintiff "filed his complaint one year after the limitations period had expired." (Id. at 15.)

Plaintiff does not contest that his constitutional claims arise from an incident that occurred on November 17, 2022, or that Tennessee's one-year statute of limitations applies to his claims. (ECF No. 25 at 4.) Rather, Plaintiff disputes the accrual date of his claims. Plaintiff contends that the Report erroneously concludes that "Plaintiff knew of his injuries on November 17, 2022, and therefore that the limitations period expired before this action was filed." Plaintiff contends that the Report fails to consider "the interaction between" Plaintiff's constitutional claims and the criminal proceedings based on the events that occurred on November 17, 2022. (Id. at 4.) Plaintiff also contends that "this conclusion resolves disputed factual issues against the non-moving party at the Rule 12(b)(6) stage." (Id.)

The Report correctly concludes that Plaintiff's § 1983 claims for unlawful search and seizure and false imprisonment accrued more than a year before Plaintiff filed suit in November 2024 and thus were untimely filed. "While state law provides the statute of limitations, 'federal law determines when a § 1983 claim accrues to trigger the running of this state statute of limitations.'" Allen v. Fait, No. 23-6052, 2025 WL 488681, at *2 (6th Cir. Feb. 13, 2025) (quoting Reguli v. Russ, 109 F.4th 874, 879 (6th Cir. 2024) (per curiam)). "[I]t has been well established that a § 1983 federal civil rights claim accrues 'when the Plaintiff knows or has reason to know of the injury which is the basis of his action.'" Johnson v. Memphis Light, Gas & Water Div., 777 F.3d 838, 843 (6th Cir. 2015) (quoting Roberson v. Tennessee, 399 F.3d 792, 794 (6th Cir. 2005))

**2. Unlawful Search and Seizure Claim**

The Report correctly concludes that Plaintiff's unlawful search and seizure claim accrued on November 17, 2022, when the search and seizure occurred according to the undisputed factual allegations of Plaintiff's Amended Complaint. (ECF No. 24 at 12.) "Courts in the Sixth Circuit have consistently held a claim for unlawful search and seizure accrues at the time of the alleged search and seizure." Hardiman v. Murdock, No. 1:24-cv-00230-TRM-SKL, 2024 WL 5315398, at *6 (E.D. Tenn. Aug. 2, 2024) (citation omitted); Cater v. Sanders, No. 3:21-CV-P675-JHM, 2023

WL 4826759, at *2 (W.D. Ky. July 27, 2023) ("…a Fourth Amendment search claim accrues at the time of the search because that is when the plaintiff has knowledge of the search….") (collecting cases).

That subsequent criminal proceedings relied on the alleged unlawful search and seizure on November 17, 2022, does not affect the accrual date of Plaintiff's claim for at least two reasons. First, subsequent criminal proceedings stemming from an alleged illegal search and seizure are not part of the "injury" of a Fourth Amendment search and seizure claim. See Manuel v. City of Joliet, Ill., 580 U.S. 357 (2017) (Alito, S., dissenting) ("A Fourth Amendment wrong is fully accomplished, . . . when an impermissible [search or] seizure occurs. The Amendment is violated and the injury is inflicted no matter what happens in any later proceedings.") (citation omitted); Heck v. Humphrey, 512 U.S. 477, 486 n.7 (1994) (holding that the actual, compensable injury of an unlawful search "does *not* encompass the 'injury' of being convicted and imprisoned"). Second, *even if* the downstream criminal consequences of a search and seizure were part of the cognizable harm caused by a Fourth Amendment unlawful search and seizure, the accrual date of the claim would not be delayed until the full consequences of the criminal proceedings were known. See Duncan v. Stryker Orthopaedics, No. 1:15-cv-01006, 2016 WL 616947, at *2 (W.D. Tenn. Jan. 26, 2016)

("[L]ack of knowledge regarding the extent of harm is insufficient to toll the statute of limitations if the plaintiff knew or should have known he suffered an injury."); see, e.g., Wallace v. Kato, 549 U.S. 384, 391 (2007) ("Even assuming . . . that all damages for detention pursuant to legal process could be regarded as consequential damages attributable to the unlawful arrest, that would not alter the commencement date for the statute of limitations.")

### 3. False Imprisonment Claim

The Report concludes that Plaintiff's Fourth Amendment false arrest claim accrued on November 24, 2022, when Plaintiff was "bonded out" of jail. (ECF No. 24 at 12.) The Report bases that date on Plaintiff's affidavit, attached as an exhibit to Plaintiff's response in opposition to Defendants' motions to dismiss. [4] (ECF No. 20 at 215-16.) As the Report notes, Plaintiff has subsequently represented, in his sur-reply to the motion to

[4] In his Amended Complaint, Plaintiff alleges that "Defendants . . . arrested Plaintiff, subjecting him to false imprisonment without a legitimate basis for detention", but does not state when he was released from custody or held pursuant to process. (ECF No. 4 at 3.) In his affidavit, Plaintiff claims that he was intermittently incarcerated between November 17, 2022, and September 12, 2025. Specifically, Plaintiff attests that he was incarcerated for the following periods: (1) November 17-November 24, 2022, (2) August 1-August 8, 2024, and (3) October 23, 2024-September 12, 2025. (ECF No. 20 at 3-4.) In his Sur-Reply to Defendants' motions to dismiss, Plaintiff represents that he was continuously incarcerated from November 17, 2022, through September 12, 2025. (ECF No. 22 at 259).

dismiss, that he was continuously incarcerated from his arrest on November 17, 2022, to September 12, 2025. (ECF No. 22 at 259.)

A Fourth Amendment false arrest or false imprisonment claim challenges detention without legal process. Dibrell v. City of Knoxville, Tenn., 984 F.3d 1156, 1162 (6th Cir. 2021); McDonough v. Smith, 588 U.S. 109, 122 (2019) ("A false arrest claim . . . attacks the arrest only to the extent it was without legal process.") Thus, a false arrest or imprisonment claim "accrue[s] at the earlier of two dates": (1) "when the false imprisonment ends with the plaintiff's release" or, (2) "when the false imprisonment ends with the issuance of legal process." Dibrell, 984 F.3d at 1162. A plaintiff "becomes detained pursuant to legal process" when the plaintiff "is bound over by a magistrate or arraigned on charges." Wallace, 549 U.S. at 389; Kellogg v. Chattanooga Police Dep't, No. 1:18-CV-153, 2019 WL 4577107, at *2 (E.D. Tenn. Sept. 20, 2019) (false arrest claim accrued when plaintiff had an initial appearance or probable cause hearing). A false arrest or false imprisonment claim is not subject to delayed accrual based on the course of subsequent criminal proceedings. See McDonough, 588 U.S. at 122 ("A false-arrest claim…has a life independent of an ongoing trial or putative future conviction…."); Wallace, 549 U.S. at 397 ("[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is

followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process.")

Although Plaintiff has attempted to create a factual dispute about when he was released after his arrest on November 17, 2022, even if he were not released until September 2025, the accrual date of his false imprisonment claim would not change. His claim accrued on the *earlier* of two dates: his release from custody or his detention pursuant to legal process. Based on Plaintiff's sworn "Statement of Undisputed Facts," he was released on bond from his November 17, 2022 arrest on November 24, 2022. See Wershe v. City of Detroit, 112 F.4th 357, 372-73 (6th Cir. 2024) (district court may consider exhibits attached to the motion to dismiss briefing). Alternatively, as the Report finds, Plaintiff was indicted by a state grand jury on September 12, 2023 in State v. Donzel Hawkins. (ECF No. 24 at 4); Wershe, 112 F. 4th at 372-73 (district court may consider exhibits attached to the complaint and take notice of other judicial proceedings). "Whether measured from the [sworn] date of his bond hearing [in November 2022] or the [judicially-noticed] date of his indictment [on September 12, 2023], the one-year statute of limitations had [] run when [Plaintiff] sued in [November 2024]." Dibrell, 984 F.3d at 1163.

Plaintiff's search and seizure claim accrued on November 17, 2022, and Plaintiff's false imprisonment claim accrued, at

the latest, on September 12, 2023. Plaintiff did not file his original complaint until November 19, 2024, after the one-year statute of limitations applicable to § 1983 claims in Tennessee had run on both claims. The Report correctly concludes that Plaintiff's § 1983 claims were not timely filed.[5]

**4. Equitable Tolling Does Not Apply to Plaintiff's Claims**

The Report concludes that Plaintiff's untimely claims are not equitably tolled. Applying federal equitable tolling standards, the Report concludes that Plaintiff has not met his burden to demonstrate entitlement to equitable tolling. (ECF No. 24 a 14); see Robertson v. Simpson, 624 F.3d 781, 784 (6th Cir. 2010). The Report specifically rejects Plaintiff's claim that the limitations period for his claims is tolled by his incarceration, whether Plaintiff was incarcerated intermittently or continuously between November 17, 2022, and September 12, 2025.[6] (ECF No. 24 at 12-13.)

---

[5] The Report correctly concludes that amendment would not change its recommendation. Permitting Plaintiff to "clarify the chronology of events" would not change the accrual date for his search and seizure claim. Although amendment might confirm that the accrual date for Plaintiff's false imprisonment claim was earlier, it would not demonstrate that it was later. Plaintiff's indictment is the latest date his false imprisonment claim accrued. Dibrell, 984 F.3d at 1163 ("At the latest, this 'legal process' issued when [Plaintiff] was indicted . . . .").

[6] If incarcerated intermittently, Plaintiff "had ample opportunity to file his complaint before the one-year statute of limitations period expired" between release on November 24, 2022 and the end of the limitation period." (ECF No. 24 at 13.) If instead Plaintiff "was

Plaintiff contends that the Report incorrectly concludes that equitable tolling does not apply to Plaintiff's claims. (ECF No. 25 at 4-5.) Plaintiff does not argue that the Magistrate Judge applied the wrong standard or that his analysis under the standard on the record before him is necessarily incorrect. Instead, Plaintiff argues that the Magistrate Judge should not have decided whether equitable tolling applies to Plaintiff's claims at the motion to dismiss/pleadings stage. Plaintiff contends that, "whether those circumstances [Plaintiff has alleged as affecting his ability to timely pursue civil relief] satisfy the applicable legal standard is a mixed question of law and fact that should not be resolved without a fully developed record." (Id. at 5.)

The Report correctly concludes that Plaintiff bears the burden to demonstrate entitlement to the equitable tolling of his claims, and that Plaintiff has failed to satisfy that burden.

**5. Plaintiff's Burden**

Because "a plaintiff generally need not plead the lack of affirmative defenses to state a valid claim," "a Rule 12(b)(6) motion is generally an inappropriate vehicle for dismissing a claim based upon a statute of limitations." Doe v. Lee, 752 F.

incarcerated continuously from November 17, 2022 through September 12, 2025, that fact alone would not provide a basis to toll the statute of limitations." (Id.)

Supp. 3d 884, 904 (M.D. Tenn. 2024) (citation omitted); Cataldo v. U.S. Steel Corp., 676 F.3d 542, 547 (6th Cir. 2012). However, if "it is apparent from the face of the complaint that the time limit for bringing the claim[s] has passed," the plaintiff has an affirmative "obligation to plead facts in avoidance of the statute of limitations defense." Bishop v. Lucent Techs., Inc., 520 F.3d 516, 520 (6th Cir. 2008) (quoting Hoover v. Langston Equip. Assocs., Inc., 958 F.2d 742, 744 (6th Cir. 1992)); Reid v. Baker, 499 F. App'x. 520, 524 (6th Cir. 2012) ("[W]hen the face of a complaint makes it apparent that the time limit for bringing the claim has expired, plaintiff must affirmatively plead…why the statute should be tolled.").

Here, Plaintiff's Amended Complaint is clear that his claims under § 1983 are untimely. Plaintiff is obligated to affirmatively plead why the statute of limitations should be tolled "if he wishes to avoid dismissal." See Doe, 752 F.Supp.3d at 904; United States v. Carell, 681 F. Supp. 2d 874, 877 (M.D. Tenn. 2009) ("In such a case, a motion to dismiss may appropriately be grounded upon a plaintiff's failure to plead tolling or other facts showing the claims are not barred by the statute of limitation.")

**6. Plaintiff Has Not Met his Burden**

The Report correctly concludes that Plaintiff has failed to satisfy his burden to allege, or even argue, that his claims should be equitably tolled.

Plaintiff has had multiple opportunities – in response to Defendant City of Memphis' Motion to Dismiss, in response to Officer Defendants' Motion to Dismiss, in his Sur-Reply to Officer Defendants' Motion to Dismiss, and in response to the Report – to seek leave to amend his Amended Complaint to allege or to argue why equitable tolling applies to his claims.[7] Only in his sur-reply does he first address tolling and, and only cursorily, citing a standard – "federal courts apply equitable tolling for 1983 when plaintiff pursued rights diligently but extraordinary circumstances prevented filing" – without any explanation about how that standard applies to him. (ECF No. 22 at 8.)

In his objections, Plaintiff vaguely claims that "circumstances surrounding his incarceration, limited access to legal resources, and the progression of the related criminal proceedings affected his ability to timely pursue federal relief." (ECF No. 25 at 5.) Plaintiff does not specifically identify what the circumstances were and how they affected his

[7] As the Report says, Plaintiff does not even address the statute of limitations argument in response to Defendants' motions to dismiss. (ECF No. 24 at 12.)

ability to timely file his complaint. A court is "not required to accept non-specific factual allegations . . . ." See Duncan, 2016 WL 616947, at *2 (citing Hendrock v. Gilbert, 68 F. App'x 573, 574 (6th Cir. 2003)."Even considering the[se] unpleaded arguments raised in [Plaintiff's] opposition," Plaintiff has failed to meet his burden of showing that his failure to comply with the statute of limitations unavoidably arose from circumstances outside his control. See Dunlap v. Louisville Metro. Gov't, No. 3:22-cv-412-BJB, 2025 WL 277915, at *3 (W.D. Ky. Sept. 29, 2025).

Plaintiff also briefly and non-specifically alludes to his "efforts to pursue his rights." (ECF No 25 at 5.) Plaintiff has "alleged no facts, argued no circumstances, and made no claim that he had been diligent" during the two-year period for which he seeks equitable tolling. Lowe v. Marshall Cnty., 779 F. Supp. 3d 944 (M.D. Tenn. 2025); Roberson v. Macnicol, 698 F. App'x 248, 250 (6th Cir. 2017) ("A plaintiff who fails to pursue his rights diligently is not eligible for tolling.")

Plaintiff's allegations and arguments do not plausibly demonstrate that he is entitled to the equitable tolling of his claims and that his claims are not time-barred. See Stinnett v. United States, 891 F. Supp. 2d 858, 863 (M.D. Tenn. Sept. 4, 2012) ("[T]he Twombly standard applies to the plaintiff's

complaint as it relates to potential tolling of the statute of limitations.”).

Plaintiff’s § 1983 claims are **DISMISSED.**[8]

**D. International Law Claims**

The Report recommends dismissing Plaintiff’s “international law claims” (Count 8) because neither the UDHR nor ICCPR creates a judicially enforceable cause of action. (ECF No. 24 at 15.)

Plaintiff does not object to the dismissal of those claims as not legally cognizable. (ECF No. 25 at 6.) The Court reviews the Report’s conclusion for clear error only and finds none.

Plaintiff’s claims under the UDHR and ICCPR are **DISMISSED.**

**E. State Law Claims**

The Report recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff’s state law claims and instead dismiss those claims without prejudice. (ECF No. 24 at 20-21.) In reaching its conclusion, the Report evaluates several factors on which a court may decline to exercise supplemental jurisdiction over a related state claim after dismissing all federal claims over which it has original jurisdiction. (Id.)

---

[8] Resolution of the statute of limitations objection is dispositive of all of Plaintiff’s § 1983 claims. The Court need not reach Plaintiff’s other objections, Defendants’ other grounds for dismissal, or the Report’s other findings about those claims. See, e.g., Ashdown v. Buchanan, No. 2:17-cv-495, 2021 WL 2643111, at *8 (S.D. Ohio June 28, 2021).

Plaintiff objects to the Magistrate Judge's recommendation that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. (ECF No. 25 at 13-14.) However, Plaintiff objects only on the grounds that dismissal of the state law claims "is based upon the premature conclusion that all federal claims should be dismissed." (Id. at 14.) Plaintiff does not dispute the Report's finding that, if all federal claims are dismissed, the factors evaluated demonstrate that the state law claims should likewise be dismissed. The Court reviews this recommendation for clear error only and finds none.

The Court **DECLINES** to exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE.**

**IV. Amendment of Claims**

The Report recommends denying Plaintiff leave to amend the Amended Complaint because further amendment would be futile. (ECF No. 24 at 18.) Plaintiff objects to that recommendation. (ECF No. 25 at 6.) Because Plaintiff fails to identify any factual allegations that would alter the Report's dismissal recommendation, the Court adopts it. See Franks v. Ohio Adult Parole Authority, No. 2:21-cv-5804, 2023 WL 2660481, at *5 (S.D. Ohio Mar. 28, 2023). Plaintiff's claims are **DISMISSED** without leave to amend.

**V. Conclusion**

For the reasons set forth above, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** THE recommendations in the Report. Defendants' motions to dismiss are **GRANTED.** All seven of the Individual Defendants in their individual capacities are **DISMISSED WITHOUT PREJUDICE** for failure to effect timely service of process. All of Plaintiff's federal claims are **DISMISSED.** Plaintiff's § 1983 claims are barred by the statute of limitations. Plaintiff's international law claims are **DISMISSED.** The Court **DECLINES** to exercise supplemental jurisdiction over the remaining state law claims. Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. Leave to amend is **DENIED.**

So ordered this 28th day of August, 2026.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE